**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN B. DAVIS, JR.,

    Plaintiff-Appellant,

v.

CHARLES E. SIMMONS, Secretary of
Corrections for the Kansas Department of
Corrections; LOUIS E. BRUCE, Warden,
Hutchinson Correctional Facility;
KANSAS DEPARTMENT OF
CORRECTIONS; BRUCE BROWER,
CCII, acting Unit Team Manager,
Hutchinson Correctional Facility;
WILLIAM E. CUMMINGS, Secretary of
Corrections Designee for Kansas
Department of Corrections; GEORGE
VAUGHN, District Manager for Aramark
Correctional Services; ARAMARK
SERVICES, INC., Aramark Correctional
Services,

    Defendants-Appellees.

No. 04-3122

(D.C. No. 01-CV-3186-GTV)

(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Marvin Davis, Jr., a Kansas state prisoner appearing pro se and proceeding in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In his complaint, Davis alleged that while he was confined at the Hutchinson Correctional Facility (HCF), he was required to work for Aramark Correctional Services, Inc., a company that contracted with the Kansas Department of Corrections (KDOC) to provide food service to HCF. According to Davis, Aramark paid him a small hourly wage for his work, far less than the minimum wage mandated under Kansas law. Davis alleged that he filed grievances with HCF and KDOC and that HCF officials and Aramark employees retaliated against him by filing false incident reports and by transferring him to another KDOC facility. Davis' complaint sought declaratory and injunctive relief, as well as damages in the form of what he characterized as "back pay" (i.e., the difference between what he was actually paid and the minimum wage to which he was entitled). The complaint also requested class certification to include as plaintiffs

2

all inmates similarly situated to Davis.[1]

The district court dismissed Davis' claim for failure to exhaust administrative remedies. We review the district court's order of dismissal de novo. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("We review de novo the district court's finding of failure to exhaust administrative remedies.").

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) requires inmates to exhaust "available" administrative remedies prior to filing an action under § 1983, even where the "available" remedies appear futile at providing the kind of remedy sought. Jernigan, 304 F.3d at 1032. Administrative review by correction officials is intended "to reduce the quantity and improve the quality of prisoner suits" by "filter[ing] out some frivolous claims" and, at a minimum, "clarif[ying] the contours of the controversy." Porter v. Nussle, 534 U.S. 516, 524-25 (2002). In a § 1983 action, the burden is on an inmate to sufficiently plead exhaustion of grievance proceedings, which includes supplying supporting information or documentation on exhaustion of prison grievance proceedings. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003).

---

[1] A substantial part of Davis' complaint focused on another claim, i.e., that KDOC and HCF officials failed to provide him and other inmates with "a plain, speedy and effective resolution system for" their grievances. ROA, Doc. 1 at 6. That claim was dismissed by the district court for failure to state a claim upon which relief could be granted. There is no indication in Davis' appellate pleadings that he is attempting to appeal the dismissal of that claim. Even if Davis did intend to appeal the dismissal of that claim, we find no error on the part of the district court.

3

With these standards in mind, we turn to the record on appeal. Davis alleges he first asserted his failure-to-pay-minimum-wage claim in a grievance filed with a unit team counselor at HCF on July 3, 2000. According to Davis, the grievance was rejected without comment on July 13, 2000. On that same date, he allegedly attempted to appeal to the warden of HCF, but the warden did not respond. Davis alleges he therefore filed a second grievance directly with the Secretary of the KDOC. On or about October 20, 2000, the Secretary allegedly denied the grievance.

Davis' supporting documentation confirms only part of his allegations. Although the documentation indicates he filed a grievance on July 3, 2000, the only claim referred to in that documentation pertains to a kitchen supervisor's alleged failure to provide Davis with a sufficient amount of french fries during a meal on July 1, 2000. Similarly, there is no indication that his initial appeal to the warden on July 13, 2000, mentioned the claim now asserted in his § 1983 complaint. It is true that the second grievance filed by Davis directly with the Secretary of KDOC contained two sentences referring to the failure-to-pay-minimum-wage claim. However, as noted by the district court, those references were buried at the end of a two-page, single-spaced complaint regarding the french fry claim. Not surprisingly, the Secretary's response on October 20, 2000, contained no mention of the failure-to-pay-minimum-wage claim, and addressed only the french fry claim.

In light of these facts, we agree with the district court that Davis has failed to

4

demonstrate exhaustion of his administrative remedies. Simply put, Davis has failed to establish that, in pursuing his failure-to-pay-minimum-wage claim, he pursued all of the administrative procedures made available to him by the KDOC. Even though Davis ultimately presented the claim to the Secretary of KDOC, there is no indication in the record that lower-level officials at KDOC or HCF were given the opportunity to address the claim, and thus no administrative record was otherwise compiled regarding the claim. To now conclude that Davis adequately exhausted his administrative remedies would effectively remove the incentive for him and other inmates to follow the KDOC's procedures. See Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002) (concluding that "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred").

The judgment of the district court is AFFIRMED. We remind Davis of his obligation to continue making partial payments of the appellate filing fee until paid in full.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5