**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN B. DAVIS, JR.,

      Plaintiff-Appellant,

v.

CHARLES E. SIMMONS,
Secretary of Corrections for the
Kansas Department of Corrections;
LOUIS E. BRUCE, Warden,
Hutchinson Correctional Facility;
KANSAS DEPARTMENT OF
CORRECTIONS; BRUCE
BROWER, CCII, acting Unit Team
Manager, Hutchinson Correctional
Facility; WILLIAM E.
CUMMINGS, Secretary of
Corrections Designee for Kansas
Department of Corrections;
GEORGE VAUGHN, District
Manager for Aramark Correctional
Services; ARAMARK SERVICES,
INC., Aramark Correctional
Services,

      Defendants-Appellees.

No. 05-3233

(D. Kansas)

(D.C. No. 01-CV-3186-GTV)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Marvin B. Davis, Jr., a state prisoner appearing pro se, brought suit in 2001 alleging that various prison officials violated his civil rights by (1) assigning him to work for less than the minimum wage, and (2) retaliating against him after he filed grievances. The district court dismissed his claims for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), and we affirmed the district court in June 2004. Mr. Davis then filed a motion for relief from judgment in district court pursuant to Rule 60(b). The district court denied this motion, as well as Mr. Davis's motion for reconsideration. For the reasons stated below, we AFFIRM the district court.

## I. BACKGROUND

The facts and circumstances relating to Mr. Davis's § 1983 claims are contained in our June 29, 2004 opinion affirming the dismissal of these claims. *Davis v. Simmons*, 103 F. App'x 344, 345 (10th Cir. 2004) (unpublished). Mr. Davis filed his motion for relief from judgment, pursuant to Rule 60(b)(6), on

February 24, 2005. In that motion, Mr. Davis argued that federal courts do not have the power to dismiss, *sua sponte*, his claims for failure to exhaust administrative remedies because (1) such dismissal violates the separation of powers doctrine, and (2) exhaustion is an affirmative defense that must be pled by the defendants. The district court held that his arguments were "clearly foreclosed by Tenth Circuit authority," and dismissed the motion as well as Mr. Davis's subsequent motion for reconsideration. On appeal, Mr. Davis raises these same two issues, and additionally argues that he did, in fact, exhaust all administrative remedies available to him.

## II. DISCUSSION

Rule 60(b) provides five specific reasons that a district court may "relieve a party . . . from a final judgment, order, or proceeding." FED. R. CIV. PRO. 60(b)(1)-(5). Rule 60(b)(6) provides relief for "any other reason justifying relief from the operation from the judgment." We review the district court's denial of a 60(b) motion for abuse of discretion. *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Id.* at 955. "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are

3

certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal citation, quotation marks, and ellipsis omitted).

A.    Separation of Powers and *Sua Sponte* Dismissal

As the district court correctly noted, this Circuit fully considered the arguments Mr. Davis raises in *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-12 (10th Cir. 2003). There, we explicitly held that exhaustion is a pleading requirement, not an affirmative defense. *Id.* at 1210 ("The next question concerns the procedural characterization of exhaustion: is it an essential allegation of a prisoner's claim or is it an affirmative defense? . . . [W]e believe that a prisoner must plead exhaustion in his complaint."). We also explained that in some situations, it would be appropriate for a district court to *sua sponte* dismiss a complaint for failure to exhaust administrative remedies: "[pleading] requirements facilitate the district court's *sua sponte* review on the exhaustion issue." *Id.* at 1211.

Mr. Davis contends that requiring him to plead exhaustion amounts to a heightened pleading requirement in contravention of *Swierkiewicz v. Sorema,* 534 U.S. 506 (2002), and that judicially requiring heightened pleading usurps Congress's lawmaking function in violation of the separation of powers doctrine. Again, our opinion in *Steele* addresses this issue. In *Steele*, we explicitly

4

considered *Swierkiewicz* and decided that requiring a prisoner to plead exhaustion "do[es] not amount to a judicially-created heightened pleading requirement . . . . [T]he need to plead exhaustion with specificity does not take its authority from the Federal Rules of Civil Procedure, but from the [PLRA]." 355 F.3d at 1210-11 (internal quotation marks omitted).

## B.  Actual Exhaustion of Remedies

The district court stated that "[a] 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal." Rec. doc. 26, at 2 (Order, filed April 18, 2005) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996)).  Because Mr. Davis's arguments related to whether he actually did exhaust his administrative remedies were considered by both the district court and this court during his previous appeal, we need not reconsider these arguments here.  Motions under Rule 60(b) "are inappropriate vehicles to reargue an issue previously addressed by the court." *Servants of Paraclete*, 204 F.3d at 1012.

## III.  CONCLUSION

For the reasons stated above, we AFFIRM the district court's order dismissing Mr. Davis's motion.  We remind Mr. Davis of his obligation to

5

continue making partial payments of his appellate filing fee until the entire

balance is paid in full.

Entered for the Court,


Robert H. Henry
Circuit Judge