**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HAZHAR A. SAYED,

     Plaintiff-Appellant,

v.

DARRYL R. PROFITT, Regional
Coordinator, C.D.O.C., Faith and Citizens
Programs,

     Defendant-Appellee.

No. 10-1491
(D.C. No. 1:09-CV-00869-MSK-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Plaintiff Hazhar Sayed, an inmate with the Colorado Department of Corrections

(CDOC), appeals the district court's grant of Defendant Darryl Profitt's motion for

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

summary judgment on Sayed's 42 U.S.C. § 1983 claim for violation of his First Amendment rights. We affirm.

I

At the time he filed suit, Sayed was incarcerated at the Limon Correctional Facility (Limon) in Colorado. While at Limon, Sayed, a practicing Muslim, attended Jumah services on Fridays at 1:00 p.m. The Muslim faith requires ablution, or cleansing, prior to Jumah services. Complete ablution requires that an individual shower or otherwise completely bathe. ROA, at 62. Partial ablution requires that an individual wash his hands, mouth, nose, face, head, ears, neck, and the feet up to the ankles. Id. CDOC regulations state that "[o]ffenders are allowed to shower prior to Jumah service." Id. at 90.

At Limon, inmates are only permitted to shower during "pod-time," and the only pod-time available before Jumah services is from 8:30 a.m. to 10:30 a.m. Sayed is unable to shower during this pod-time because he is required to work from 8:00 a.m. until 10:45 a.m. every Friday morning. When Sayed attempted to shower outside pod-time in order to perform complete ablution, he was "written-up" for breaking prison rules. Id. at 15. Sayed subsequently filed a grievance with the CDOC and requested that he be permitted to shower prior to Jumah services every Friday. Id. Upon the recommendation of Defendant Darryl Profitt, the Regional Coordinator for Faith and Citizens Programs, Limon officials denied Sayed's grievance because "partial ablution is acceptable in a prison setting so it was not necessary for [Sayed] to take a shower before services." Id. at

2

In April 2009, Sayed filed a § 1983 suit in federal district court against Profitt (in both his official and individual capacities[1]) alleging that Profitt violated his First Amendment right to the free exercise of his religion. Sayed sought nominal, compensatory, and punitive damages, as well as injunctive relief. At some point after he filed suit, Sayed was transferred to the Fremont Correctional Facility (Fremont). There, inmates are free to leave their cells, including to shower, three times per day, and inmates that have jobs are permitted to shower at any time during the day, other than inmate count times. Sayed does not allege that at Fremont he is unable to shower prior to Jumah. Id. at 250-51.

In April 2010, Proffit moved for summary judgment on Sayed's § 1983 claim. The district court granted Profitt's motion and entered judgment in his favor. Sayed timely appealed.

II

*Standard of Review*

We review a grant of summary judgment *de novo*, applying the same legal

---

[1] During the district court proceedings, Sayed acknowledged his claim against Profitt in his official capacity was limited to seeking injunctive relief. See Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990) (holding that the Eleventh Amendment provides immunity to states in suits for monetary relief). The district court subsequently dismissed Sayed's official capacity claim, concluding that Sayed's request for injunctive relief was moot because he had been transferred to a facility where he is able to shower prior to Jumah services. ROA, at 250-51. Because we affirm the district court's grant of Profitt's motion for summary judgment, we do not address its ruling regarding the availability of injunctive relief.

standard used by the district court in addressing the motion for summary judgment. Carpenter v. Boeing Co., 456 F.3d 1183, 1192 (10th Cir. 2006).  Summary judgment is appropriate when, construing the record in the light most favorable to the non-moving party, "there is no genuine issue of material fact and one party is entitled to judgment as a matter of law."  MediaNews Grp., Inc. v. McCarthey, 494 F.3d 1254, 1261 (10th Cir. 2007).

*Analysis*

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution."  Turner v. Safley, 482 U.S. 78, 84 (1987).  Inmates retain "those constitutional rights that are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system."  Id. (quotation and alterations omitted).  In order to establish a free exercise claim under the First Amendment, an inmate must first "show that a prison regulation substantially burdened [his] sincerely-held religious beliefs."  Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotation omitted).  If the inmate meets this burden, the defendant bears "the relatively limited burden" of showing that the prison regulation at issue is "reasonably related to legitimate penological interests."  Id. (quoting Thornburgh v. Abbott, 490 U.S. 401, 413 (1989)); Boles v. Neet, 486 F.3d 1177, 1181 (10th Cir. 2007).

Here, Profitt concedes that Sayed was motivated by sincere religious beliefs.  The issue before the court, therefore, is whether Profitt substantially burdened Sayed's beliefs

4

by not permitting him to shower outside of pod-time.[2]  Profitt alleges the district court correctly granted summary judgment because partial ablution is acceptable prior to Jumah and because Sayed could perform partial ablution at the sink in his cell.

In support of his motion for summary judgment, Profitt submitted excerpts from a book entitled *Islam in Focus* by Dr. Hammudah Abdalati[3], a professor in Islamic culture. According to Dr. Abdalati, a person may engage in either complete or partial ablution prior to Jumah.  ROA, at 62.  Complete ablution, however, is required following intercourse, a wet dream, or menstruation.  Id.  Complete ablution requires that "[t]he whole body . . . be washed by a complete bath."  Id.  In order to perform partial ablution, a person must:

> 1. Declare the intention that the act is for the purpose of worship and purity, start by saying Bismillah.
>
> 2. Wash the hands up to the wrists, three times.
>
> 3.  Rinse out the mouth with water, three times, preferably with a  brush whenever it is possible.
>
> 4.  Cleanse the nostrils of the nose by sniffing water into them, three times.
>
> 5.  Wash the whole face three times with both hands, if possible, from the top of the forehead to the bottom of the chin from ear to ear.

---

[2] The fact that CDOC regulations state that inmates should be able to shower prior to Jumah does not establish that Profitt violated Sayed's First Amendment rights.  A correctional facility's "failure to adhere to administrative regulations does not equate to a constitutional violation."  Hovater v. Robinson, 1 F.3d 1063, 1068 n.3 (10th Cir. 1993).

[3] Dr. Abdalati graduated from al-Azhar University in Egypt, received his Masters degree in Islamic Studies from McGill University, and earned a Ph.D. in Sociology from Princeton University.

6.  Wash the right arm three times up to the far end of the elbow, and then do the same with the left arm.

7.  Wipe the whole head or any part of it with a wet hand, once.

8.  Wipe the inner sides of the ears with the forefingers and their outer sides with the thumbs.  This should be done with wet fingers.

9.  Wipe around the neck with wet hands.

10.  Wash the two feet up to the ankles, three times, beginning with the right foot.

Id.

As noted by the district court, Sayed does not contest Dr. Abdalati's conclusions or otherwise argue that *Islam in Focus* does not accurately summarize his beliefs regarding ablution.  Moreover, in his opposition to Profitt's motion for summary judgment, Sayed cites *Islam in Focus* as setting forth the proper ablution requirements.  Id. at 46.  The sole assertion Sayed makes in his complaint[4] is that he cannot perform partial ablution in his cell prior to Jumah.  According to Sayed, he cannot perform partial ablution (1) because there is no floor drain in his cell; and (2) because he is unable to get the lower part of his body, including his knees, into the sink, which is three feet off the ground.  Id. at 47.  For

_____

[4] We note that in his opposition to Profitt's motion for summary judgment, Sayed made an argument that he did not raise in his internal grievances or his complaint.  Sayed pointed out that *Islam in Focus* states that complete ablution is required following intercourse, a wet dream, or menstruation.  ROA, at 62.  He therefore alleged he was entitled to a full shower before Jumah because he sometimes has wet dreams.  We decline to address this argument because Sayed did not raise this issue in his internal grievances; he simply argued that he could not perform partial ablution at his sink.  Id. at 15-16; see Kikumura v. Osagie, 461 F.3d 1269, 1285 (10th Cir. 2006) (A grievance is sufficient for exhaustion purposes if "it provides prison officials with enough information to investigate and address the inmate's complaint internally.").

these reasons, Sayed claims he is entitled to a complete shower prior to Jumah services.

The district court concluded that, as a matter of law, Profitt did not substantially burden Sayed's First Amendment rights by refusing to permit him to shower outside pod-time. We agree. Based on Dr. Abdalati's description of partial ablution, we conclude that no material factual dispute exists regarding whether Sayed can perform partial ablution at the sink in his cell. First, we are not persuaded by Sayed's argument that he cannot perform partial ablution because there is not a drain near the sink. We see no reason why Sayed cannot clean up any water that spills from the sink onto the floor or why the lack of a drain otherwise prevents him from performing partial ablution. Second, Sayed's argument—that he cannot fit his knees in the sink—lacks merit because partial ablution does not require the washing of the knees or the area near the knees; it only requires that a person wash his or her feet up to the ankles. Id. at 62. We conclude that Sayed can properly wash his feet at the sink in his cell and that he can also wash his hands, mouth, nose, face, head, ears, and neck in the sink, as required for partial ablution. Id. Because partial ablution is an acceptable washing prior to Jumah and because Sayed can perform the washing at his sink, Profitt did not substantially burden Sayed's First Amendment rights.

### III

Sayed has filed a motion to proceed on appeal *in forma pauperis*. We grant Sayed's motion, but we remind him that he is still required to make partial payments until the filing fee is paid in full.

IV

The judgment of the district court is AFFIRMED, and Sayed's motion to proceed *in forma pauperis* is GRANTED.

Entered for the Court


Mary Beck Briscoe
Chief Judge

8