**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HERMAN BARNES, JR.,

  Plaintiff-Appellant,

v.

D. ALLRED, Clinical Director,

  Defendant-Appellee.

No. 11-1476

(D. of Colo.)

(D.C. No. 1:11-CV-00575-CMA-BNB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Herman Barnes, Jr., a federal prisoner, filed a constitutional claim against

Dr. Allred, the Clinical Director of the United States Penitentiary Administrative

Maximum facility (ADX). Appearing *pro se*, he now appeals the district court's

dismissal of his complaint for failure to exhaust administrative remedies.[1] Barnes

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Barnes is proceeding *pro se*, we construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

argues he exhausted his administrative remedies through a Federal Bureau of Prisons (BOP) inmate grievance procedure initiated in 2009.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

Barnes is currently incarcerated at ADX.  In 2011, Barnes filed a complaint in district court against Dr. Allred under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Barnes did not point to a specific constitutional violation, but claimed Dr. Allred deliberately put his life in serious danger by failing to provide him with a timely liver biopsy and treatment for his hepatitis infection.

He requested $250,000 in damages and a court hearing as to why the prison had not yet begun hepatitis treatment.  Dr. Allred moved for summary judgment based on Barnes's failure to exhaust administrative remedies.  The magistrate judge recommended the motion be granted, and the district court agreed, dismissing the complaint without prejudice.

In response to Dr. Allred's motion, Barnes pointed to a series of three grievances in a single BOP grievance process he initiated in 2009, which he claimed demonstrated administrative exhaustion.[2]  In addition to the 2009

---

[2] The Federal BOP administrative process to redress inmate grievances is codified at 28 C.F.R. §§ 542.10 *et seq.* and sets out a four-level process.  The first level is informal resolution with prison staff.  28 C.F.R. § 542.13(a).  Requests

(continued...)

grievances, Dr. Allred pointed to a BP-9 grievance filed by Barnes in 2011, which

he claimed is the subject of Barnes's civil complaint and which tended to show

Barnes failed to exhaust. We examine each of these grievances in turn.

On February 18, 2009, Barnes filed his first BP-9 request (number 527409-

F1), complaining of pain in his left side and requesting his medical examination

report.[3] Barnes identified either a swollen kidney or his mattress as potential

---

[2](...continued)
for Informal Resolution Forms are not assigned a remedy identification number
and are not tracked. If unable to resolve the complaint informally, the inmate
may then submit an administrative remedy request to the Warden (a BP-9
request). 28 C.F.R. § 542.14. At this second level, the requests are assigned a
remedy identification number and an F-1 extension. The third level of the
administrative process involves filing an appeal at the regional level (a BP-10
request), which is assigned an R-1 extension. *See* 28 C.F.R. § 542.15(a). The
fourth and final level of appeal is to the Director of National Inmate Appeals in
the Office of the General Counsel in Washington, D.C. (a BP-11 request) and is
assigned an A-1 extension. *See* 28 C.F.R. § 542.15(a).

[3] Because inmates are prohibited from raising new issues on appeal that
were not raised in lower level filings, *see* C.F.R. § 542.15(b)(2), Barnes must
have raised the issue pertinent to his complaint in his BP-9 request. Because of
the importance of this lower level filing to the exhaustion issue, we include the
full text of the grievance here. In his 2009 BP-9 request (number 527409-F1),
Barnes wrote,

> Almost five months after I was examined to see if prostate
> cancer was causing me pain in my left side whenever I get out of
> bed or favor my left side, not only am I still experiencing the pain in
> my left side, I am now experiencing a loss of blood circulation in
> my left side whenever I wake up in the middle of the night to
> urinate. The fact of the matter is, the P.A. did not know what is
> causing the pain in my left side so nothing has been done to relieve
> the pain in my left side. So for legal purposes I would like a copy
> of the medical examination report that I had regarding this matter

(continued...)

-3-

causes of his left side pain. The Warden responded on March 11, 2009 by noting Barnes was "scheduled to see the Clinical Director for Chronic Care Clinic in the near future" and instructing him to discuss any concerns during that appointment. R. at 14, 100. The Warden also outlined procedures for obtaining medical records.

Barnes then filed his BP-10 request (number 527409-R1) on March 18, 2009. Barnes noted he had been to this clinic twice before and both times was informed that they did not know what was causing the pain in his left side. The Regional Director responded to his appeal and concurred with the local Warden's response to his BP-9 request.

On May 12, 2009, Barnes filed his BP-11 request (number 527409-A1). Barnes again pointed to "pain in my left side" and noted he had not been "seen by anyone from health services about it." R. at 17, 103. In response, in August 2009, the Administrator of National Inmate Appeals noted "[y]ou allege you have not received timely and appropriate care for your left sided abdominal pain." R. at 18, 104. The National Administrator concluded Barnes was "receiving medical care and treatment in accordance with Bureau policy" and encouraged him "to attend sick call if your condition changes." *Id.* The response also mentioned "[a]

---

[3](...continued)
because either my kidney is swollen or the mattress is causing me the pain in my left side. R. at 13, 99.

liver biopsy has been requested to determine if your Hepatitis C infection meets criteria for treatment with interferon."[4]  *Id.*

Over a year later, on February 23, 2011, Barnes filed a new BP-9 request (number 628145-F1) complaining Dr. Allred had deliberately put his life in danger.  He attached a report from his liver biopsy, which included handwritten instructions to "proceed quickly with workup to submit for treatment," which Barnes claimed Dr. Allred had not done.  R. at 78–79.  Barnes explained he had taken actions to informally resolve his complaint by signing a consent form to take medication for his hepatitis treatment, but that Dr. Allred had failed to begin the treatment.  On his attached statement of expected resolution he wrote, "to begin the hepatic [sic] treatment before my liver deteriorate worser [sic] than it already have [sic]."  R. at 79.  On March 4, 2011, a handwritten note signed by Barnes was added to this BP-9 form confirming that the complaint had been informally resolved.

This BP-9 grievance was not appealed, but Barnes thereafter filed a complaint in district court which was dismissed.  Barnes objects to the district court's dismissal of his complaint for failure to exhaust administrative remedies.

---

[4]  Barnes eventually did receive a liver biopsy in November 2010.

## II. Discussion

We review *de novo* a district court's dismissal of a claim for failure to exhaust administrative remedies. *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). The Prison Litigation Reform Act (PLRA) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "[A] grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds by Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242 (10th Cir. 2008).

Dr. Allred moved for summary judgment, which the district court granted and dismissed Barnes's claim without prejudice for failure to exhaust administrative remedies. Barnes then appealed here.

Reviewing his case *de novo*, we see Barnes alleged Dr. Allred deliberately put Barnes's life in danger by failing to provide him with a timely liver biopsy and hepatitis treatment. But Barnes failed to raise these issues in his first BP-9

request in 2009. Nonetheless, Barnes argues he should be able to rely on the National Administrator's response to his BP-11 request (number 527409-A1) as proof that he put prison officials on notice as to these issues. Barnes contends his 2009 grievances were filed with the goal of trying "to find out what was causing his abdominal pain." Aplt. Br. at 2. He argues the National Administrator's response "raised the issue that the plaintiff [sic] hepatitis infection was probably the cause of his abdominal pain," and therefore, he is entitled to use his 2009 complaints to show he exhausted his administrative remedies. Aplt. Br. at 3. Barnes's arguments fail for three reasons.

First, Barnes's argument that he is "entitled to use any information in his admin. [sic] remedy appeal" to prove exhaustion, *see* Aplt. Br. at 3, is unsupported by legal authority. To the contrary, Barnes was required to raise the issue of Dr. Allred's failure to timely order a liver biopsy and begin hepatitis treatment in the initial BP-9 form. *See* 28 C.F.R. § 542.15(b)(2) (prohibiting inmates from raising issues in an appeal that were not raised in the lower level filing); *see also, e.g., Davis v. Simmons*, 103 F. App'x 344, 346 (10th Cir. 2004). Because Barnes failed to raise the issue himself in his lower-level request, he cannot rely on the National Administrator's response as opening the door for him to prove he exhausted his administrative remedies for the purposes of his civil complaint.

Second, Barnes's 2009 grievances did not provide prison officials with enough information to internally resolve the issue in his civil complaint. In *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), the Supreme Court noted the PLRA "seeks to afford correction officials time and opportunity to address complaints internally before allowing the initiation of a federal case." (internal citations and quotations omitted). Requiring exhaustion serves this goal, but only "if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 95. Relying in part on this rationale, we have concluded a grievance satisfies § 1997e(a)'s exhaustion requirement only "so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Kikumura*, 461 F.3d at 1283, 1285.

Barnes's civil complaint raises a distinct issue: the failure to order a timely liver biopsy and delaying treatment for hepatitis. While Barnes's 2009 grievances may have complained of issues related to those raised in his civil claim, the similarity of issues alone is insufficient to satisfy exhaustion of administrative remedies. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) ("Nor does a grievance exhaust administrative remedies for all future complaints of the same general type."), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 223–24 (2007); *see also Sayed v. Profitt*, 415 F. App'x 946, 949 n.4 (10th Cir. 2011) (prisoner who had raised and exhausted the issue of a right to perform partial ablution did not also raise the issue of a right to perform full

ablution, despite the similarity of the issue), *cert. denied*, 132 S. Ct. 142 (2011). As the magistrate judge below noted, Barnes's generalized grievances about his abdominal pain did not provide prison officials with enough information to address this issue internally. Barnes was required to provide enough information for officials to investigate and address the actual issue raised in his civil complaint: that his life was put in serious danger by the failure to order a timely liver biopsy and delay of hepatitis treatment. The 2009 BP-9 grievance (number 527409-F1) simply did not provide this detail of information.

Third and finally, Barnes's civil complaint relies on events that took place after the BP-9 grievance was filed on February 18, 2009. A grievance "cannot exhaust administrative remedies for claims based on events that have not yet occurred." *Ross*, 365 F.3d at 1188. Barnes complained of Dr. Allred's failure to order a timely liver biopsy. However, it was not until August 2009 that the Administrator of National Inmate Appeals requested a liver biopsy. Barnes also complained that he was not provided with timely hepatitis treatment. Again, it was not until after the November 2010 liver biopsy that hepatitis treatment was suggested. Because Barnes's first BP-9 grievance was filed prior to the occurrence of those events which form the basis for his civil complaint, that grievance is insufficient for the purposes of proving exhaustion of administrative remedies.

As Dr. Allred pointed out, the only grievance Barnes filed raising the issue of a liver biopsy and failure to provide hepatitis treatment was his second BP-9 grievance (number 628145-F1) filed in February 2011. That complaint was informally resolved when Barnes received the relief he requested (beginning Hepatitis C treatment) and has not been appealed. But Barnes in no way relies on that second BP-9 grievance to support his appeal here. He only argues that the 2009 grievance process proves he exhausted his administrative remedies. But, as we explained earlier here, because Barnes did not sufficiently raise the issue in his civil complaint in his first BP-9 grievance in 2009, Barnes failed to exhaust his administrative remedies for the purposes of § 1997e(a).

## III. Conclusion

Accordingly, we AFFIRM the order of the district court. We GRANT Appellant's motion to proceed *in forma pauperis* and remind appellant that he must continue making partial payments until the fee is paid in full.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge